J-S51006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL JACOBS | : | |
| | : | |
| Appellant | : | No. 733 MDA 2020 |

Appeal from the PCRA Order Entered March 5, 2020
In the Court of Common Pleas of York County Criminal Division,
at No: CP-67-CR-0000989-1992

BEFORE: MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.: **FILED DECEMBER 03, 2020**

Daniel Jacobs (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. In addition, Appellant's court-appointed appellate counsel (Appellate Counsel) has filed an application to withdraw as counsel and a "***Turner-Finley*** Brief."[1] Because we conclude Appellate Counsel has not fulfilled the requirements of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and because we find Appellant was abandoned by his court-appointed PCRA

---

[1] A ***Turner/Finley*** no-merit letter is the correct filing when counsel wishes to withdraw from representing a PCRA petitioner. Here, Appellate Counsel's filing more closely resembles a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). Since an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief instead of a ***Turner/Finley*** letter. ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n. 2 (Pa. Super. 2011).

counsel (PCRA Counsel), we deny Appellate Counsel's petition to withdraw, vacate the order denying PCRA relief, and remand for further proceedings.

This case has a protracted history; the PCRA court explained:

On February 16, 1992, York City police officers responded to a request for a welfare check at 933 West King Street, York, Pennsylvania. Shortly thereafter, Appellant, [ ] called police to report that he found his girlfriend [Girlfriend] and their infant daughter [Daughter] in the bathtub.

Police arrived to find [Appellant] inside the home, and he was taken into custody. [Girlfriend] had suffered more than 200 stab wounds, and [Daughter] died from drowning. Following an investigation, [Appellant] was charged with two counts of Criminal Homicide, Murder of the First Degree.

On or about September 18, 1992, [Appellant] was found guilty and sentenced to death by a jury of his peers for the murder of [Girlfriend] and to life in prison for the murder of [Daughter]. On direct appeal, the Pennsylvania Supreme Court affirmed the judgments of sentence and, subsequently, the denial of state collateral relief. [Appellant] then filed for relief in the form of a *[h]abeas [c]orpus* petition to the United States District Court for the Middle District of Pennsylvania. The District Court conditionally granted [Appellant's] petition for resentencing and denied all other challenges to [Appellant's] convictions. [Appellant] appealed to the United States Court of Appeals for the Third Circuit, which, on January 20, 2005, entered a judgment [which denied *habeas corpus* relief as to the murder of Daughter but granted *habeas corpus* relief as to the murder of Girlfriend on the basis that trial counsel was ineffective for failing to investigate and/or present evidence of diminished capacity].

* * * *

On August 23, 2016, the [trial court] held a hearing to determine [Appellant's] competency to stand trial. On September 30, 2016, [Appellant] was found competent to stand trial, but not to proceed *pro se*.

[A number of delays ensued, due to both the court calendar, and substitutions of counsel].

On November 13, 2018, [Appellant's] retrial for the murder of [Girlfriend] was called to trial, and the Commonwealth and [defense counsel] arrived prepared to proceed with trial. At the outset of the proceeding, the Commonwealth indicated their plea offer to third degree murder for a concurrent sentence was still available. At that time, [Appellant] was already serving a sentence of life without parole on the conviction of the murder of [Daughter], which was affirmed on appeal. [Appellant] entered an **Alford** plea[2] to voluntary manslaughter of [Girlfriend] and was sentenced . . . [to] a period of 10 to 20 years, to run concurrent with the life sentence already imposed upon [Appellant] for the murder of [Daughter].

PCRA Court Opinion, 7/20/20, at 1-4, (footnotes omitted).

At the outset, we are compelled to address the procedural missteps that occurred in the underlying PCRA proceedings. On July 8, 2019, Appellant, acting *pro se*, filed a timely PCRA petition. On September 3, 2019, the PCRA court appointed PCRA Counsel to represent Appellant, directed PCRA Counsel to file an amended PCRA petition or a **Turner/Finley** letter, and scheduled a hearing for November 27, 2019. On October 15, and December 17, 2019, PCRA Counsel filed and was granted requests for extension of time to file the

---

[2] **North Carolina v. Alford**, 400 U.S. 25 (1970). An **Alford** plea is a *nolo contendere* plea in which the defendant does not admit guilt but waives trial, and voluntarily, knowingly and understandingly consents to the imposition of punishment by the trial court. **Id.** at 37. Provided the record reflects a factual basis for guilt, the trial court may accept the plea notwithstanding the defendant's protestation of innocence. **Id.** Typically, as in the present case, a defendant is exchanging his plea for a reduced sentence or reduced charges. **See Commonwealth v. Gunter**, 771 A.2d 767, 773 (Pa. 2001) (Justice Cappy concurring).

amended petition. In its December 18, 2019 order, the court directed PCRA Counsel to file the amended petition 60 days from the date of the order (on or before February 17, 2020), and scheduled a hearing for March 30, 2020. PCRA Counsel did not comply, and on March 5, 2020, the PCRA court *sua sponte* denied the PCRA petition pursuant to Pa.R.Crim.P. 905(B).[3] Order Denying Post-Conviction Relief, 3/5/20, at 1-2.

On March 6, 2019, PCRA Counsel filed a third motion for extension of time to file an amended PCRA petition, which the PCRA court denied on March 10, 2019; the PCRA court also issued an order canceling the March 30, 2020 hearing. On March 13, 2020, PCRA Counsel filed a petition to withdraw as counsel; the petition did not reference counsel's failure to file an amended petition, the court's denial of the PCRA petition without notice or a hearing, or the cancellation of the PCRA hearing. Petition to Withdraw as Counsel, 3/13/20, at 1-2. Instead, it simply stated that PCRA Counsel had accepted a new position and was no longer available to represent criminal defendants. *See id.* That same day, despite ostensibly being represented by counsel,

_____

[3] The Rule states: "When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed. If the order directing amendment is not complied with, the petition may be dismissed without a hearing."

Appellant filed a *pro se* notice of appeal. On April 8, 2020, the PCRA court appointed Appellate Counsel to represent Appellant on appeal.[4]

On September 30, 2020, Appellate Counsel filed the petition to withdraw with this Court, attaching his no-merit letter, with notice to Appellant that he had the right to proceed *pro se* or retain private counsel. Appellant did not file a response.

On appeal, Appellant presents one question:

[Whether] trial counsel on re-trial rendered ineffective assistance by inducing Appellant to plead guilty to voluntary manslaughter rather than pursuing dismissal of Count 3 of the indictment (Murder of [Daughter]) because when the Court of Appeals for the Third Circuit vacated his conviction of First Degree Murder of [Girlfriend] (Count 1), the basis for conviction of Count 3 became legally invalid under the "closely related rule[?]"

***Turner-Finley*** Brief, at 4.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

---

[4] On July 20, 2020, the PCRA court issued an opinion which failed to address the manner in which the court dismissed the petition, and focused on the lack of merit to the one issue—ineffectiveness of retrial counsel—Appellant raised in his *pro se* PCRA petition. PCRA Ct. Op., at 5-9.

As noted, Appellate Counsel filed in this Court a petition for leave to withdraw and no-merit letter. Before we may review the merits of Appellant's substantive claim, we must determine if counsel has satisfied the requirements to be permitted to withdraw from further representation. Pursuant to *Turner/Finley*, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is permitted." *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). In *Pitts*, our Supreme Court explained that independent review requires proof of:

> 1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
> 3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;
>
> 4. The PC[R]A court conducting its own independent review of the record; and
>
> 5. The PC[R]A court agreeing with counsel that the petition was meritless.
>
> *Id.* (citation and brackets omitted).

Additionally:

> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the

underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner/Finley** request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner/Finley**, the [court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Upon review of Appellate Counsel's petition to withdraw and the appellate brief submitted on Appellant's behalf, we conclude that counsel has failed to substantially comply with the requirements of **Turner** and **Finley**, as restated in **Pitts**. While Appellate Counsel identified the claim asserted by Appellant, reviewed the merits of that claim and explained why the claim lacks merit, he failed to address the flawed procedural history, where Appellant was essentially abandoned by PCRA Counsel, and the PCRA court denied the petition after PCRA Counsel repeatedly failed to file an amended PCRA petition. Thus, Appellate Counsel has not complied with the requirements necessary to withdraw as counsel.

We emphasize that a petitioner is entitled to counsel on a first PCRA petition, and appointed counsel "shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition . . . ). **See** Pa.R.Crim.P. 904(C), (F)(2); **see also Commonwealth v. Figueroa**, 29 A.3d 1177 (Pa. Super. 2011); **Commonwealth v. Robinson**, 970 A.2d 455

(Pa. Super. 2009) (*en banc*). Concomitantly, our Supreme Court has recognized the right to effective assistance of PCRA counsel. **See Commonwealth v. Jones**, 815 A.2d 598 (Pa. 2002). "**[D]ue process requires that the post conviction process be fundamentally fair. . . . Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner**." **Commonwealth v. Bennett**, 930 A.2d 1264, 1273 (Pa. 2007) (emphasis added). The **Bennett** court explained, "In this same vein, while the performance of PCRA counsel is not necessarily scrutinized under the Sixth Amendment, the performance of counsel must comply with some minimum norms, which would include not abandoning a client . . . ." **Id.** at 1273-74.

Here, the record indicates that PCRA Counsel failed to "comply with minimum norms." Despite receiving two extensions of time, counsel failed to file either an amended PCRA petition or **Turner/Finley** letter. Then, the PCRA court, without affording notice to Appellant as required by Pennsylvania Rule of Criminal Procedure 907, *sua sponte* dismissed the petition without undertaking a review of the merits.[5] Thus, Appellant has been denied the fundamentally fair post-conviction process articulated in **Bennett**, and for this reason, we deny Appellate Counsel's petition to withdraw, vacate the PCRA

_____

[5] As noted above, the PCRA court addressed the merits of Appellant's *pro se* petition belatedly and for the first time after Appellant filed this appeal. **See generally**, PCRA Court Opinion, 7/20/20.

court's March 3, 2020 order denying Appellant's *pro se* PCRA petition, and remand for further proceedings in conformance with the Rules of Criminal Procedure, beginning with the filing by counsel of an amended PCRA petition or a **Turner/Finley** letter.

Petition to withdraw as counsel denied.  Order vacated.  Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2020